UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Anthony Caliri, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| The Law Offices of Gary H. Kreppel, P.C.; | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Anthony Caliri, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Anthony Caliri ("Plaintiff"), is an adult individual residing in Woburn, MA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, The Law Offices of Gary H. Kreppel P.C. ("Defendant"), is a MA business entity with an address of 1661 Worcester Road, Suite 401, Framingham, MA 01701, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

A. **The Debt**

6.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to for collection, or was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Engages in Harassment and Abusive Tactics**

10.     On or about March 11, 2010, Defendant sent Plaintiff a debt collection letter attached as <u>Exhibit 1</u> (the "Dunning Letter").

11.     The Dunning Letter was the first letter Defendant sent Plaintiff, and it includes, in the bottom paragraph, the Validation Notice required by 15 U.S.C. 1692g of the Fair Debt Collection Act.

12.     However, the Dunning Letter also includes the following sentences in the body of the letter:

1

...I request that you give this letter prompt attention to avoid the possibility of court proceedings...

It is our intention to resolve this matter informally, provided we receive your cooperation in settling the claim. However, please note that our client has authorized litigation without further notice....

13. By virtue of threatening suit and suggesting that consumer must act within 30 days of receiving the Dunning Letter, the sentences identified in Par. 14 overshadow and contradict the language of the Validation Notice.

### C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692g in that the language in the body of the Dunning Letter impermissibly overshadows and contradicts the Plaintiff's rights in the Validation Notice.

19. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
6. Punitive damages; and
7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 14, 2010

        Respectfully submitted,

        By: /s/ Sergei Lemberg

        Sergei Lemberg (BBO# 650671)
        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (877) 795-3666
        Attorneys for Plaintiff